AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
Southern District of California

FILED
JAN 27 2020
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

Apple iPhone 8 Cellular Phone

Case No. 20MJ0355

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A

located in the ____Southern____ District of ____California____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 2252 and 2252A | Certain activities relating to material involving the sexual exploitation of minors and child pornography |

The application is based on these facts:

See Attached

- ☑ Continued on the attached sheet.
- ☐ Delayed notice of ____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Cesar Valdivia, HSI Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 1/27/2020

*Judge's signature*

City and state: San Diego, CA

Hon. Barbara L. Major, United States Magistrate Judge
*Printed name and title*

**AFFIDAVIT IN SUPPORT OF APPLICATION FOR SEARCH WARRANT**

I, Cesar Valdivia, being duly sworn, hereby state as follows:

**INTRODUCTION**

1. I am a Special Agent (SA) with Homeland Security Investigations (HSI), assigned to the Office of the Special Agent in Charge (SAC) San Diego, CA, Child Exploitation Group (CEG) and affiliated with the San Diego Internet Crimes Against Children (ICAC) Task Force. I have been employed by HSI since August 2008. I have received training from the Federal Law Enforcement Training Center (FLETC) and other law enforcement agencies in the areas of child pornography investigations. As part of my current duties, I investigate criminal violations relating to child exploitation and child pornography including violations pertaining to the illegal production, distribution, receipt and possession of child pornography, in violation of 18 U.S.C. §§ 2251, 2252 and 2252A. I have had the opportunity to observe and review numerous examples of child pornography (as defined in 18 U.S.C. § 2256) in various forms of media including computer media. In addition, I have participated in the execution of numerous search warrants involving child exploitation and/or child pornography offenses and I am in routine contact with experts in the fields of computers, computer forensics and Internet investigations. In preparation of this affidavit, I have discussed the facts of this case with other law enforcement agents/officers within HSI and ICAC. Moreover, I am a federal law enforcement officer who is engaged in enforcing the criminal laws, including 18 U.S.C. §§ 2251, 2252 and 2252A, and I am authorized by law to request a search warrant.

2. This affidavit is made in support of an application by the United States of America for the issuance of a warrant to search the following electronic device: an Apple iPhone 8 cellular phone, Model Number: MQ6Y2LL/A, Serial number C8PYQMA3JC67, and IMEI: 358711096079553 ("Target Device"), currently in

the possession of the Department of Homeland Security, Immigration and Customs Enforcement, Homeland Security Investigations, Special Agent in Charge, located at 880 Front Street, Suite 3200, San Diego, California 92101), within the Southern District of California, as described more fully in Attachment A, for the items described in Attachment B, which items constitute evidence, fruits, and instrumentalities of violations of Federal laws, namely, Title 18, United States Code §§ 2252 and 2252A.

3. The facts set forth in this affidavit are based on my own personal knowledge, knowledge obtained from other individuals during my participation in this investigation, including other law enforcement officers, my review of documents and computer records related to this investigation, communications with others who have personal knowledge of the events and circumstances described herein, and information gained through my training and experience. Because this affidavit is submitted for the limited purpose of establishing probable cause in support of the application for a search warrant, it does not set forth each and every fact that I or others have learned during the course of this investigation.

**FACTS IN SUPPORT OF PROBABLE CAUSE**

4. On or about November 26, 2019, the Target Device was detained from Jose Manuel RODRIGUEZ ("RODRIGUEZ"). RODRIGUEZ was in possession of the Target Device when arrested at the Otay Mesa, CA, Port of Entry (POE) by Customs and Border Protection Officers (CBP) for the importation of approximately 4.52 kilograms (9.96 pounds) of cocaine, in violation of 21 U.S.C. §§ 952 and 960. HSI Special Agents (SAs) D. Harvey and K. William were contacted by CBP and proceeded to interview RODRIGUEZ at the Otay Mesa POE. HSI SA Williams advised RODRIGUEZ of his Constitutional rights as per Miranda in the English language reading directly from a pre-printed form. RODRIGUEZ waived his rights and proceeded to be interviewed by HSI SAs. RODRIGUEZ acknowledged this by

reading and signing the Waiver of Rights form. During the course of the interview, RODRIGUEZ denied knowledge of the narcotics in the vehicle. RODRIGUEZ granted consent to HSI SAs to search the Target Device found in his possession at the time of his arrest. RODRIGUEZ granted consent by reading and signing a DHS/HSI Consent to Search form provided by HSI SAs.

5. HSI SAs Harvey and Williams conducted a manual search of the Target Device based upon RODRIGUEZ's consent. During that manual search, they observed several suspect images depicting minors engaged in sexual acts in the photo library of the Target Device, in a folder entitled "Hidden." As a result, HSI SA Williams notified me of the suspect images found on the Target Device. I reviewed the suspect images at the Otay Mesa POE, and confirmed that at least one image depicted child pornography, as defined in 18 U.S.C. §§ 2256. A description of the above-mentioned image is as follows:

| Date of Image | Description |
| --- | --- |
| November 19 3:35 AM | The image depicts a partially nude male with his erect penis exposed, lying on a bed, and a partially nude pre-pubescent male with his penis exposed standing by the other male. The pre-pubescent male is holding the nude male's erect penis with his right hand. |

6. Pursuant to RODRIGUEZ's written consent, the United States previously performed a logical file system extraction of the Target Device using Cellbrite. Upon review of that extraction, however, the images observed upon manual review of the device of SAs Harvey and Williams were not present. Therefore, the United States seeks this warrant to allow for a file system extraction of data from the phone, possibly including previously deleted material.

7. As a result of my training and experience in child exploitation and child pornography investigations, and the training and experience of other law enforcement officers with whom I have had discussions, there are certain characteristics common to individuals involved in the receipt, distribution and possession of child pornography.

    a. These individuals may receive sexual gratification, stimulation, and satisfaction from contact with children; or from fantasizing while viewing children engaged in sexual activity or in sexually suggestive poses, such as in person, in photographs, or other visual media; or from literature describing such activity.

    b. These individuals may collect sexually explicit or suggestive materials, in a variety of media, including photographs, magazines, motion pictures, video tapes, books, sliders and/or drawings or other visual media. These individuals often use these materials for their own sexual arousal and gratification. Furthermore, they may use these materials to lower the inhibitions of children they are attempting to seduce, to arouse the selected child partner, or to demonstrate the desired sexual acts.

    c. These individuals often maintain their digital or electronic collections of child sexual exploitation images in a safe, secure, and private environment, such as on cellular telephones. These collections are often maintained for several years and are kept close by, usually at the individual's residence, on his or her person, or in his or her vehicles, to enable the individual to view the collection, which is valued highly.

    d. These individuals also may correspond with and/or meet others to share information and materials; are rarely able to completely destroy correspondence from other child pornography distributors/collectors; conceal correspondence as they do their sexually explicit material; and often maintain lists

of names, addresses, and telephone numbers of individuals with whom they have been in contact and who share the same interests in child pornography.

   e. These individuals prefer not to be without their child sexual exploitation images for any prolonged time period. Collectors will take their collection with them if they change residences, as the collection is considered to be a prized possession. This behavior has been documented by law enforcement officers involved in the investigation of child pornography throughout the world. That said, there are individuals with a sexual interest in children who download and view digital images of child sexual exploitation and delete them in order to avoid detection by law enforcement or other people. However, even in cases where these images are deleted, or concealed via encryption software, forensic examiners can use specialized tools to recover the deleted files or access encrypted files.

   f. These individuals often use specialized software to conceal the existence of evidence and/or destroy said evidence. There are a variety of different programs that an individual can use to accomplish these objectives, many of which are free. Additionally, these individuals have been known to store child pornography in unconventional physical locations, as well as in unusual digital locations on computers and cellular phones. These files and folders, or applications, have been misnamed or renamed in an attempt to mislead investigators.

   g. These individuals will often download and store images of children they know or with whom they have communicated, as well as their communications with those children. The images may not necessarily be pornographic or obscene in nature; however, they are often used for the individuals' sexual gratification.

  8. Based upon the facts set forth in this Affidavit, it is believed that RODRIGUEZ, the owner and user of the Target Device, has a sexual interest in children and is likely to exhibit the common characteristics of someone involved in

the receipt and possession of child pornography, as described above. Specifically, the phone seized from him on November 26, 2019, contained an image of child pornography.

## PROCEDURES FOR ELECTRONICALLY STORED INFORMATION AS TO ANY CELLULAR TELEPHONE

9.   It is not possible to determine, merely by knowing the cellular telephone's make, model and serial number, the nature and types of services to which the device is subscribed, and the nature of the data stored on the device. Cellular devices today can be simple cellular telephones and text message devices, can include cameras, can serve as personal digital assistants and have functions such as calendars and full address books and can be mini-computers allowing for electronic mail services, web services and rudimentary word processing. An increasing number of cellular service providers now allow for their subscribers to access their device over the internet and remotely destroy all of the data contained on the device. For that reason, the device may only be powered in a secure environment or, if possible, started in "flight mode" which disables access to the network. Unlike typical computers, many cellular telephones do not have hard drives or hard drive equivalents and store information in volatile memory within the device or in memory cards inserted into the device. Current technology provides some solutions for acquiring some of the data stored in some cellular telephone models using forensic hardware and software. Even if some of the stored information on the device may be acquired forensically, not all of the data subject to seizure may be so acquired. For devices that are not subject to forensic data acquisition or that have potentially relevant data stored that is not subject to such acquisition, the examiner must inspect the device manually and record the process and the results using digital photography. This process is time and labor intensive and may take weeks or longer.

10. Following the issuance of this warrant, law enforcement personnel will collect the subject cellular telephone and subject it to analysis. All forensic analysis of the data contained within the telephone and its memory cards will employ search protocols directed exclusively to the identification and extraction of data within the scope of this warrant.

11. Based on the foregoing, identifying and extracting data subject to seizure pursuant to this warrant may require a range of data analysis techniques, including manual review, and, consequently, may take weeks or months. The personnel conducting the identification and extraction of data will complete the analysis within ninety (90) days, absent further application to this court.

## GENUINE RISK OF DESTRUCTION OF DATA

12. Based upon my experience and training, and the experience and training of other Agents with whom I have communicated, it is not uncommon for technically sophisticated criminals to use encryption, programs to destroy data that can be triggered remotely or by a pre-programmed event or keystroke and sophisticated techniques to hide data. In this case, the Target Device is in the possession of law enforcement such that there is minimal risk of destruction of data on the phone.

## PRIOR ATTEMPTS TO OBTAIN DATA

13. The United States on December 16, 2019 obtained a warrant to search the previously extracted Cellebrite data. That data, however, did not contain the images observed during manual review of the phone. No other attempts have been made to obtain this data.

//
//
//
//

## **CONCLUSION**

14. Based on the aforementioned factual information, I respectfully submit that there is probable cause to believe that evidence, fruits, and instrumentalities of violations of 18 U.S.C. §§ 2252 and 2252A may be found on the Target Device, described in Attachment A. I, therefore, respectfully request that the attached warrant be issued authorizing the search and seizure of the items listed in Attachment B.

Cesar Valdivia, Special Agent
Homeland Security Investigations

Subscribed and sworn before me this 27th day of January 2020.

Hon. BARBARA L. MAJOR
United States Magistrate Judge

## ATTACHMENT A
## PROPERTY TO BE SEARCHED

The following property is to be searched:

    Apple iPhone 8 Cellular Phone

    Model Number: MQ6Y2LL/A

    Serial number C8PYQMA3JC67,

    IMEI: 358711096079553

    (Target Device)

The Target Device is currently in the possession of the Department of Homeland Security, Immigration and Customs Enforcement, Homeland Security Investigations, Special Agent in Charge located at 880 Front Street, Suite 3200, San Diego, California 92101.

**ATTACHMENT B**
**ITEMS TO BE SEIZED**

Authorization to search the Target Device described in Attachment A includes storage devices, such as SIM cards or memory devices attached to, inserted in or seized with the device. The Target Device will be searched and seized in accordance with the "Procedures For Electronically Stored Information as to Any Cellular Telephone" provided in the affidavit and submitted in support of this warrant. The following data will be seized only to the extent that it contains evidence of violations of 18 U.S.C. §§ 2252 and 2252A, such as communications, records, or data, including emails, text messages, photographs, audio files, videos, or location data:

a. tending to indicate efforts to send, receive, or possess child pornography, as defined by 18 U.S.C. § 2256;

b. tending to identify other facilities, storage devices, or services–such as email addresses, IP addresses, phone numbers–that may contain electronic evidence tending to indicate efforts to send, receive, possess or access child pornography as defined by 18 U.S.C. § 2256;

c. tending to identify co-conspirators, criminal associates, or others involved in the distributing, receiving, possessing, or accessing child pornography as defined by 18 U.S.C. § 2256;

d. tending to identify the user of, or persons with control over or access to, the subject phone; or

e. tending to place in context, identify the creator or recipient of, or establish the time of creation, receipt or modification of communications, records, or data above.